LOUIS J. BIMBERG, Respondent, v. THE TEXAS COMPANY and Others, Appellants, Impleaded with JOHN B. CAMPBELL and Others, Defendants.

First Department, July 3, 1919.

Corporations — action by director and officer for false imprisonment, malicious prosecution and for injury based on conspiracy — pleading — complaint alleging the aforesaid causes of action insufficient as to the latter cause — bankruptcy — no liability of stockholder for loss from valid adjudication of corporation.

Plaintiff, a director and officer of a corporation, attempted to set forth three causes of action in an amended complaint, the first for false imprisonment, the second for malicious prosecution, and the third for an injury to plaintiff in his business based on a conspiracy in which the acts set forth in the first two causes of action are claimed to have been steps. The third cause of action, after alleging facts common to all three causes of action, alleged that another corporation which had failed to perform a contract with the plaintiff's company, and stockholders of the plaintiff's company and others, acting together, conspired to bring the plaintiff and

his brother, who together owned one-half of the stock of their company, into disgrace and to force them out of business; that a detective agency and its president, other defendants, were engaged to assist in effecting the conspiracy and in pursuance thereof the plaintiff and his brother were illegally arrested and imprisoned. It was further alleged on information and belief that a petition in bankruptcy was filed against the plaintiff's company which was thereafter adjudicated a bankrupt and all of its property and assets sold; that as a result of the bankruptcy proceedings all of the right, title and interest of the plaintiff and his brother in and to the property of their company was destroyed. But it was not claimed that the Bankruptcy Court was without jurisdiction. Provisions of the complaint examined and

*Held*, that in so far as plaintiff, by his third cause of action, seeks to recover loss resulting from the lawful adjudication in bankruptcy he cannot recover upon any theory of conspiracy; that in so far as said third cause of action sets forth damages flowing from his arrest they form the basis for no separate cause of action based upon conspiracy but are recoverable, if at all, under one or the other of the first two causes of action;

That, therefore, a motion for judgment dismissing the third cause of action should be granted.

A stockholder of a bankrupt corporation has no cause of action for any loss sustained in consequence of a valid adjudication.

APPEAL by the defendants, The Texas Company and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 15th day of January, 1919, overruling their amended demurrers to the third cause of action set up in the amended complaint.

*I. R. Oeland* of counsel [*John L. Sheppard* with him on the brief; *Oeland & Kuhn*, attorneys], for the appellants Texas Company and Charles E. Woodbridge.

*George W. Whiteside* of counsel [*Robert Oliver* with him on the brief; *Whiteside & Stryker*, attorneys], for the appellants William J. Burns International Detective Agency, Inc., and William J. Burns.

*John Kirkland Clark* of counsel [*Stanchfield & Levy*, attorneys], for the respondent.

DOWLING, J.:

This is an appeal by four of the defendants, The Texas Company, Charles E. Woodbridge, William J. Burns Inter-

national Detective Agency, Inc., and William J. Burns, from an order denying their motions for judgment on the pleadings, dismissing the third cause of action in the amended complaint and overruling the demurrer thereto.

The first cause of action is one for false imprisonment; the second, is for malicious prosecution.

The third cause of action is claimed to be one for an injury to plaintiff in his business based on a conspiracy. In this conspiracy, the acts set forth in the causes of action for false imprisonment and malicious prosecution are claimed to have been steps. The third cause of action begins by a repetition of the first sixteen paragraphs of the complaint, which are a part of both the action for false imprisonment and that for malicious prosecution. They may be summarized as follows:

The Texas Company is a New Jersey corporation, whereof defendant Woodbridge was general eastern sales manager. The Burns Agency is a New York corporation, whereof defendant Burns is president and a director. Plaintiff and his brother Alexander J. Bimberg for many years had been directors of the American Oil Cloth Company, a New Jersey corporation with a capital stock of $300,000. In December, 1913, plaintiff was a director and the secretary and treasurer of said company at an annual salary of $6,000, and was well and favorably known in the oil cloth trade, as was his brother. The two brothers together held one-half of the stock of the company (1,500 shares), and plaintiff owned 751 shares thereof. The company did a prosperous business, paying annual dividends of six per cent. Defendants Wilbur C. Springer and Richard M. A. Davis, with one Benjamin A. Waddington, owned the majority of the remaining one-half of the shares of said company.

Late in December, 1913, at the solicitation of Woodbridge, the Texas Company, and the defendant Campbell, a contract was entered into between the oil cloth company, the two Bimbergs and The Texas Company, whereby the Texas Company was to manufacture and deliver to the oil cloth company material for the manufacture of a new product, similar in appearance and composition to linoleum, samples of which were furnished. The raw material for this was to be furnished by the Texas Company, the contract contemplating

the manufacture of over 27,000,000 square yards. Pursuant to the demand of the Texas Company, Campbell, as its agent, was to have complete charge of the manufacture in the Salem factory of the oil cloth, while the Bimbergs were to act as agents for the sale, and to market the entire product, the quality of which the Texas Company and Campbell agreed should be equal to samples then submitted, the cost to be far less than the cost of linoleum.

The parties contemplated that under the terms of the contract the oil cloth company would make a clear profit each year of $75,000, which would have given the plaintiff over $17,000 of dividends per annum and, under the sale contract, it was contemplated that the plaintiff should make annual earnings of over $100,000.

Under the contract Campbell took charge of the factory, and the Texas Company began making deliveries of the material which was used under Campbell's direction in the oil cloth factory. The product manufactured failed to equal the samples and was not even marketable; it cost far more than what it could be sold for, and the enterprise was a complete failure and entailed heavy loss. As a result of these developments the plaintiff and the oil cloth company threatened to sue the Texas Company on account of the failure of the enterprise, and the Texas Company, Woodbridge and Campbell thereupon feared that the Texas Company might be held liable for heavy damages because of the failure of the contract.

Meanwhile the defendants Springer and Davis became dissatisfied because they were not allowed active participation in the management of the oil cloth company and desired to obtain the control for themselves and the directors resident in the city of Salem by excluding plaintiff and his brother from active participation therein.

Thus far, the allegations are common to all three causes of action.

The third cause of action then contains further allegations. Paragraph 33 avers:

" 33. Thereupon said defendants, The Texas Company, Campbell, Woodbridge, Springer and Davis, acting together to accomplish the results desired by said various defendants, entered into a wilful, unlawful, fraudulent, illegal and malicious

combination, conspiracy, understanding, arrangement and agreement to bring the plaintiff and his said brother into disgrace, to force the plaintiff and his said brother out of business, to deprive them of credit, to ruin them financially and to unlawfully seize from them all control over the business of said American Oil Cloth Company."

Then follow averments that the Burns Agency and Burns were engaged to assist in the effectuation of the conspiracy; that in pursuance thereof all the defendants undertook to maliciously and falsely charge the plaintiff and his brother with the crime of conspiring to commit the crime of arson by burning the buildings of the American Oil Cloth Company at Salem, N. J.; that on March 28, 1914, plaintiff and his brother were illegally, by force and without warrant, arrested and imprisoned; that they were taken from Trenton to Salem; that a warrant was thereafter issued for their arrest and they were held to bail in the sum of $30,000; that they were indicted by the grand jury of the county of Salem for conspiracy to commit the crime of arson; that order of *nolle prosequi* was thereafter made as to said indictment; that the offices of plaintiff and his brother in New York city were thereafter forcibly entered by defendants and property removed therefrom and the books of the oil cloth company forcibly seized and removed therefrom.

It is then alleged:

" 42. On information and belief: thereafter and in or about the month of November, 1914, a petition in bankruptcy was filed against said American Oil Cloth Company and said corporation was thereafter adjudicated a bankrupt and all of its property and assets were sold as a result of such adjudication. The filing of said petition in bankruptcy and said adjudication in bankruptcy, and said sale of the assets of said Company were, and each of them was, effectuated by said defendants pursuant to said unlawful, wilful, malicious and illegal combination, conspiracy, understanding, arrangements and agreement.

" 43. As a result of said bankruptcy proceedings, all of the right, title and interest of the plaintiff and his said brother in and to the property of said American Oil Cloth Company by reason of their ownership of the stock thereof and otherwise,

was destroyed and became worthless and of no value and their employment by said corporation and their derivation of an income therefrom ceased."

Then follow allegations that, by reason of defendants' acts, plaintiff has been obliged to expend large sums of money in defending himself against the indictment; that plaintiff enjoyed an excellent reputation and a great degree of credit; and that by " reason of said arrest, imprisonment and indictment, plaintiff's said reputation has been greatly and irreparably impaired," and that he cannot obtain favorable reports from commercial agencies and is greatly embarassed and hindered in the conduct of his business; all to his damage in the sum of one million dollars.

There is no contention that this third cause of action is one for false imprisonment or malicious prosecution. Nor could such a claim be urged successfully, as many of the averments have no relevancy to such causes of action. And the essential facts to support these two causes of action have already been appropriately pleaded in the first and second causes of action.

But plaintiff contends that this third cause of action is one " in the nature of an action on the case for a tort known as an injury to the trade or business of an individual resulting from a series of acts, some of which may, and some of which may not, of themselves, constitute a distinct tort, and in which the combination of a group of defendants is a material, if not essential part."

The difficulty with this contention is, that the complaint itself negatives the claim that defendants have brought about an injury to plaintiff by unlawful means, save such as are cognizable in the actions for false imprisonment and malicious prosecution. For if all the acts of defendants are viewed as successive steps in a conspiracy to bring about damage to plaintiff, what was the object of such a conspiracy? The complaint sets it forth in the 33d paragraph, heretofore quoted at length. The elements of the desired result are: (a) To bring plaintiff and his brother into disgrace; this is a consequence solely of the false arrest or malicious prosecution, and the damages flowing therefrom are recoverable only in those actions; (b) to force plaintiff and his brother out of business, to deprive them of credit, to ruin them financially,

and to unlawfully seize from them all control over the business of the American Oil Cloth Company; but these are consequences which flowed directly from the adjudication of the oil cloth company as a bankrupt and the sale of its assets and property, whereby plaintiff's stock therein became worthless and his income ceased. The complaint, however, does not attempt to claim that the Bankruptcy Court was without jurisdiction, or that it was imposed on by defendants, or that they practiced any fraud upon it. Admitting the validity of the adjudication in bankruptcy, plaintiff cannot have a cause of action for any loss which he sustained in consequence thereof.

It follows, therefore, that in so far as the plaintiff by his third cause of action seeks to recover this loss which followed from the lawful adjudication in bankruptcy, he cannot recover upon any theory of conspiracy. In so far as this third cause of action sets forth damages flowing from his arrest, they form the basis for no separate cause of action based upon conspiracy, but are recoverable (if at all) under one or the other of the first two causes of action.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion for judgment dismissing the third cause of action granted, with ten dollars costs, with leave to plaintiff to serve an amended complaint on payment of said costs.

CLARKE, P. J., LAUGHLIN, PAGE and MERRELL, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motions granted, with ten dollars costs, with leave to plaintiff to amend complaint on payment of said costs, and in default thereof the third cause of action dismissed, with costs.