JULIA WEGMAN PAGE, Plaintiff, *v.* PAUL R. CLARK and Others, Defendants.

Supreme Court, Cayuga County, March, 1922 (Received July, 1922).

Fraud — the owner of the majority of the stock of a corporation who claims she was fraudulently induced to vote that it be adjudicated a bankrupt may maintain action against the conspirators in her own right — when adjudication in bankruptcy not res adjudicata as to financial condition of corporation — measure of damages is depreciation in value of stock.

Where the owner of the majority of the stock of a corporation who was fraudulently induced to vote for a resolution that it be adjudicated a bankrupt, claims that the defendants conspired to defraud her and not the corporation, she may maintain an action to recover her individual damage suffered by the loss of her stock.

The claim being that the bankruptcy proceedings were initiated in fraud, the adjudication of the corporation was not *res adjudicata* as to its financial condition at the time the alleged fraud was perpetrated, because the propriety of the proceedings is involved as an issue of fraud.

The plaintiff was entitled to recover as damages the depreciation of the value of her stock and where at the time the bankruptcy proceedings were completed there was no market value for the stock, its value prior to the resolution of bankruptcy was to be measured by a reference to the character of the business, its condition, good will, methods of doing business and its assets and liabilities, and the value of the stock, both at the time of the adoption of said resolution and after, was a question for the jury.

Where it cannot be said that there was not sufficient evidence to sustain the findings of the jury which were against the defendant, a motion for a new trial upon the minutes will be denied.

MOTION by defendants for a new trial on the judge's minutes.

*William J. Baker*, for plaintiff.

*Cobb, McKenzie, Smith & Edgcomb* (*Ernest I. Edgcomb*, of counsel), for defendants.

RODENBECK, J. This is an action brought by the plaintiff as the owner of a majority of the stock of the Wegman Piano Com-

pany, to recover damages against the defendants for conspiracy to defraud in connection with the affairs of the corporation whereby it was adjudicated a bankrupt and wound up. The action is not a representative one but is brought by the plaintiff to recover her individual damage. Such an action may be maintained directly by a stockholder where the damage is peculiar to him and not a general one to the corporation. In this instance the plaintiff claims that the defendants conspired to defraud her and not the corporation. It is, therefore, a cause of action which belonged to her and not to the corporation. The particular conspiracy to defraud alleged is that they fraudulently induced her, the owner of a majority of the stock, to vote for a resolution of bankruptcy which she would not otherwise have done and whereby she suffered the loss of her stock.

The adjudication in bankruptcy of the company is not *res judicata* as to the financial condition of the company at the time that the alleged fraud was perpetrated. The claim is that the bankruptcy proceedings were initiated in fraud. There is no attack made on the regularity of the proceedings themselves. The defendants now urge that the bankruptcy proceedings protect them against any claim of damage by the plaintiff. In other words, they seek to take advantage of their own fraud. This the law will not permit them to do. Where the institution of the proceedings is the basis of the claim of fraud the adjudication is not *res judicata* as to the financial condition of the company because the propriety of the proceedings is involved as an issue of fraud. *Bimberg* v. *Texas Co.*, 188 App. Div. 586, is not an authority to the contrary.

In this case the damages that the plaintiff is entitled to are the depreciation in the value of her stock. The inquiry is what was her stock worth prior to the institution of the bankruptcy proceedings and what was its value after the fraud had been consummated. The affairs of the company were wound up and the stock appeared to have no value when the proceedings were completed. There was no market value for the stock and its value prior to the resolution of bankruptcy was to be measured by reference to the character of the business, its condition, good will, the method of doing business and its assets and liabilities. The value which the stock had at the time of the adoption of the resolution was a question for the jury as well as its subsequent value.

The plaintiff's claim is that there was a conspiracy to defraud. The original defendants were Paul R. Clark, Alice S. Knapp, as executrix of James W. Knapp, the Cayuga County National Bank

and William J. Payne. The defendants Payne and the bank were eliminated from the case on the motion for nonsuit. The defendant Payne appeared to have no connection with the transaction upon which the fraud was based, having come upon the scene after the proceedings in bankruptcy had been instituted. The Cayuga County National Bank was eliminated because it did not appear that any officer of the bank had been vested with authority to act for it sufficiently to charge the bank with any connection with the fraud. The defendant Payne is the son-in-law of Nye, the president of the bank. The defendant Clark is the brother-in-law of Knapp, the deceased. Clark was attorney for the creditors in the bankruptcy proceeding. Payne was attorney for the receiver. Knapp was the receiver. The Wegman Piano Company had done business with the Cayuga County National Bank for twenty-eight years. The bank was discounting its paper. The business had been conducted largely upon conditional sales contracts and the company became financially involved. Nye suggested defendant Clark as an attorney to the plaintiff and he undertook to act in that capacity for the company. There were representations by him with reference to Knapp's putting money into the business, the sale of preferred stock, the trusteeing of the common stock, the exchange of plaintiff's stock for preferred stock, the payment of back salary to the plaintiff and finally the bankruptcy proceeding. The plaintiff claims that she was led to believe that these representations were all made in good faith for the purpose of putting money into the business and reorganizing it. She claims that she voted for the resolution of bankruptcy under representations that it was to be a friendly proceeding and that the defendant Knapp would advance the necessary funds to reorganize the business. She claims that these representations were false, known to be false and made with the intention of deceiving her, that she was deceived thereby and suffered a damage as a result thereof. There was evidence upon these matters to go to the jury and the jury has found against the defendants upon them. *Deyo* v. *Hudson*, 225 N. Y. 602; *Ritzwoller* v. *Lurie*, Id. 464; *Ochs* v. *Woods*, 221 id. 335; *Downey* v. *Finucane*, 205 id. 251; *Adams* v. *Gillig*, 199 id. 314; *Fisher* v. *Bishop*, 108 id. 25; *Bingham* v. *Sheldon*, 101 App. Div. 48; *Reilly* v. *Frias*, 85 Misc. Rep. 162. There were many other facts and circumstances in the case to which it is not necessary to refer on this motion. It cannot be said that there is not sufficient evidence to sustain the findings of the jury. Motion denied.

Ordered accordingly.